# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ERNEST MARSHALL, #08218-043      PLAINTIFF

VERSUS      CIVIL ACTION NO. 5:10-cv-63-DCB-MTP

M. SCOTT, et al.      DEFENDANTS

## MEMORANDUM OPINION

This cause comes before this court, sua sponte, for consideration of dismissal. On April 16, 2010, plaintiff filed a document entitled "complaint; and petition for a writ of mandamus; and motion for preliminary injunction" and requested in forma pauperis status. On April 19, 2010, two orders were entered in this action. One order [7] directed the plaintiff to pay the required $350.00 filing fee or file a completed in forma pauperis application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court, within thirty days. The other order [6] directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. Plaintiff was warned in these court orders that failure to advise this court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint. Plaintiff failed to comply with this court's orders [6, 7].

On June 18, 2010, this court entered an order [8] directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's orders [6, 7] of April 19, 2010. In addition, plaintiff was directed to comply with this court's orders [6, 7] of April 19,

2010, on or before July 9, 2010.  Plaintiff was warned in this court's order [8] of June 18, 2010, that failure to advise this court of a change of address or failure to timely comply with any order of this court may lead to the dismissal of his complaint.  Plaintiff failed to comply with this order [8].

On July 29, 2010, this court entered a second order [9] directing plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's orders [6, 7 & 8] of April 19, 2010, and June 18, 2010.  In addition, plaintiff was directed to comply with the April 19, 2010, orders [6, 7] on or before August 19, 2010.  Plaintiff was warned in this court's order [9] of July 29, 2010, that failure to advise this court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed.  Plaintiff failed to comply with this order [9].

Plaintiff has failed to comply with four court orders and has not contacted this court since April 16, 2010.  This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See generally Link v. Wabash R.R., 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  Id. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and

failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See Munday/Elkins Auto. Partners, LTD. v. Smith, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that plaintiff's complaint shall be dismissed without prejudice.  A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the  17th   day of September, 2010.


s/David Bramlette
UNITED STATES DISTRICT JUDGE